# EXHIBIT C

File No. 312029℃

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                    SUPERIOR COURT
                                              DOCKET NO.

```
                                      )
STATE FARM FIRE & CASUALTY CO.        )
(as subrogee of Maria Ammon)          )
                                      )
                    Plaintiff         )
        Vs.                           )        COMPLAINT
                                      )
ASTROAI  &                            )
AMAZON.COM INC.                       )
                                      )
                    Defendants        )
                                      )
```

## PARTIES AND FACTS

1.  The Plaintiff, State Farm Fire & Casualty Co., is a duly organized corporation doing business within the State of Massachusetts and maintaining a place of business located at 1 State Farm Plaza in Bloomington, Illinois, 61710.

2.  The Defendant, Amazon.com Inc., is a body corporate conducting business within the Commonwealth of Massachusetts and maintaining a principal place of business at 410 Terry Avenue North, Seattle, WA 98109.

3.  The Defendant, AstroAI, is a body corporate conducting business within the Commonwealth of Massachusetts and maintaining a principal place of business at 7423 Doig Drive, in Garden Grove, CA.

4.  At all times material hereto and in particular on or about November 20, 2020, Maria Ammon, owned property and maintained a contract of property insurance with the Plaintiff for that property located at 20 Burnside Lane, in Merrimack, Massachusetts.

## COUNT ONE

5.  The Plaintiff hereby realleges and reavers each and every allegation contained in paragraphs 1 through 4 as if specifically set forth herein.

6.  On or about November 20, 2020, the Plaintiff's insured, suffered a fire loss.

7.  The fire was caused by the malfunctioning of a product, that was either designed, manufactured, assembled, or distributed by the Defendants, AstroAI and Amazon.com,

Inc.

8. The property loss and property damage were the direct and proximate result of the carelessness and/or negligence of the Defendant as follows:

9. The Defendants, AstroAI and Amazon.com, Inc., were negligent in the design, manufacture, assembly, testing, installation, and or inspection of said product.

10. The Defendants, AstroAI and Amazon.com, Inc. negligently failed to either warn, instruct, adequately warn, or adequately instruct the users or the potential users of its product concerning the dangerous and defective design, assembly, and or handling characteristics of said product, when the Defendants AstroAI and Amazon.com, Inc., knew or with the exercise of due care should have known, that the members of the general public, such as the Plaintiff's insured, were ignorant of the dangerous and defective characteristics and/or design of the product.

11. The Defendants, AstroAI and Amazon.com, Inc. negligently disposed of said product and placed it in the channels of trade when the Defendant, knew or with reasonable care, should have known that the product was dangerous and defective, in the nature and design or was in a dangerous and defective condition, and the Defendants negligently placed the product into the channels of trade in a manner that the Defendants foresaw, or with the exercise of reasonable care ought to have foreseen, would have probably carried the product into contact with persons, such as the Plaintiff's insured, who were ignorant of the dangerous and defective condition of said product, and that the Defendants failed to utilize reasonable care to prevent damage or injury to such persons, which is inclusive of the Plaintiff's insured.

12. As a result of the Defendant's negligence, the Plaintiff's insured, suffered property loss and property damage for which a claim was made against the contract of insurance with the Plaintiff, for dwelling damage, personal property damage, as well as alternative living expenses.

13. In accordance with the terms and conditions of the contract of insurance, claim was made against the Plaintiff for said damages. The Plaintiff paid $108,798.79 to or on behalf of the insured for dwelling damage. The Plaintiff paid $135,201.85 to or on behalf of the insured for personal property damage. Finally the Plaintiff paid $47,887.79 to or on behalf of its insured for additional living expenses, as a result of this fire loss. Additionally, the Plaintiff's insured was forced to expend their deductible interest in the amount of $1,568.00, which the Plaintiff seeks to recover on their behalf.

## COUNT TWO

14. The Plaintiff hereby realleges and reavers each and every allegation contained in paragraphs 1 through 13 as if specifically set forth herein.

15.     The Plaintiff states that the Defendants, AstroAI and Amazon.com, Inc., expressly and impliedly warranted to the general public, as well as to its insured, that their product was safe, merchantable, and fit for the use for which it was intended.

16.     The Defendants breached their warranties to the Plaintiff's insured because said product was unsafe, not of merchantable quality, and unfit for the purpose and use for which it was intended.

17.     The Plaintiff's insured relied upon the warranties, both express and implied, that were made by the Defendant.

18.     The Plaintiff's insured suffered property loss and/or property damage as the direct and proximate result of the reliance upon said warranties and the subsequent breach of these warranties that were made by the Defendants.

19.     The Plaintiff asserts that due notice was given to the Defendants as to its breach or breaches of the warranties.

20.     As a result of the actions or inactions of the Defendants, the Plaintiff's insured suffered property loss and property damage for which he made a claim against his contract of insurance with the Plaintiff.

21.     In accordance with the terms and conditions of the contract of insurance, claim was made against the Plaintiff for said damages. The Plaintiff paid $108,798.79 to or on behalf of the insured for dwelling damage. The Plaintiff paid $135,201.85 to or on behalf of the insured for personal property damage. Finally the Plaintiff paid $47,887.79 to or on behalf of its insured for additional living expenses, as a result of this fire loss. Additionally, the Plaintiff's insured was forced to expend their deductible interest in the amount of $1,568.00, which the Plaintiff seeks to recover on their behalf.

WHEREFORE, the Plaintiff demands judgment against the Defendants, AstroAI and Amazon.com, Inc.,either jointly or individually, in the amount of $293,456.43, along with interest, costs and such other relief as this Honorable Court deems necessary and proper.

## JURY DEMAND

The Plaintiff, State Farm Fire & Casualty Co. hereby demands a trial by jury as to each and every allegation and issue, defense, counterclaim, or crossclaim.

Respectfully submitted,
The Plaintiff,
By its Attorney,

Joseph P. Bonfiglio, Esq.
Bolden & Bonfiglio, LLC
40 Lowell Street, Suite 24
Peabody, MA 01960
(978) 744-2162
BBO #663414
jbonfiglio@bblawma.com

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|

**PLAINTIFF(S):** State Farm Fire & Casualty Co. (aso Maria Ammon)

**ADDRESS:**

**COUNTY**

**DEFENDANT(S):** AstroAi & Amazon.com Inc

**ATTORNEY:** Bolden & Bonfiglio,LLC, Joseph P. Bonfiglio

**ADDRESS:** 40 Lowell Street Suite 24 Peabody, MA 01960

**ADDRESS:** AstroAI Registered Agents Inc 100 N. Howard Street Suite R Spokane, WA 99201. Amazon.com Inc Registered Agent: Corporation Service Co. 84 State Street Boston, MA 02109

**BBO:** 663414

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Property Damage | F | ☑ YES ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?
☐ YES   ☐ NO

Is this a class action under Mass. R. Civ. P. 23?
☐ YES   ☐ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:

| | |
|---|---|
| 1. Total hospital expenses | $ |
| 2. Total doctor expenses | $ |
| 3. Total chiropractic expenses | $ |
| 4. Total physical therapy expenses | $ |
| 5. Total other expenses (describe below) | $ |
| Subtotal (A): | $ |
| B. Documented lost wages and compensation to date | $ |
| C. Documented property damages to date | $291,888.43 |
| D. Reasonably anticipated future medical and hospital expenses | $ |
| E. Reasonably anticipated lost wages | $ |
| F. Other documented items of damages (describe below) Deductible | $1,568.00 |

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

The Plaintiff seeks to recover monies paid under the Property Damage portion of the contract of insurance as well as the deductible.

TOTAL (A-F):$ 293,456.43

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $

Signature of Attorney/ Unrepresented Plaintiff X _____   Date: 11/17/23

RELATED ACTIONS: Please provide the case number, case name and county of any related actions pending in the Superior Court

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____   Date: 11/17/23

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>2377CV01116 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>State Farm Fire & Casualty Co. Subrogee of Maria Ammon vs. Astroai et al | Thomas H. Driscoll, Jr., Clerk of Courts<br>Essex County |
|---|---|
| TO:  Joseph P Bonfiglio, Esq.<br>Bolden and Bonfiglio, LLC<br>40 Lowell St<br>Suite 24<br>Peabody, MA 01960 | COURT NAME & ADDRESS<br>Essex County Superior Court - Newburyport<br>145 High Street<br>Newburyport, MA 01950 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                                DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 02/15/2024 | |
| Response to the complaint filed (also see MRCP 12) | | 03/18/2024 | |
| All motions under MRCP 12, 19, and 20 | 03/18/2024 | 04/16/2024 | 05/15/2024 |
| All motions under MRCP 15 | 03/18/2024 | 04/16/2024 | 05/15/2024 |
| All discovery requests **and depositions** served and non-expert depositions completed | 09/12/2024 | | |
| All motions under MRCP 56 | 10/15/2024 | 11/12/2024 | |
| Final pre-trial conference held and/or firm trial date set | | | 03/11/2025 |
| Case shall be resolved and judgment shall issue by | | | 11/17/2025 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>11/20/2023 | ASSISTANT CLERK<br>**Anne Mitchell** | PHONE<br>(978)462-4474 |
|---|---|---|

Date/Time Printed: 11-20-2023 11:23:13

SCV026\ 08/2018

3120290